IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANESSA H., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2236-N-BN |
| | § | |
| | § | |
| ANDREW SAUL, Commissioner of | § | |
| Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Vanessa H.,appearing pro se, seeks judicial review of a final adverse

decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the

reasons explained below, the hearing decision should be affirmed.

## Background

Plaintiff alleges that she is disabled as a result of falling and hurting her right

shoulder. After her applications for disability insurance benefits was denied initially

and on reconsideration, Plaintiff requested a hearing before an administrative law

judge ("ALJ"). That hearing was held on July 21, 2017. *See* Dkt. No. 12 at 38-61. At

the time of the hearing, Plaintiff was 58 years old. She is a high school graduate,

attended college for one year, and has past work experience as a security guard and

surgical technician. Plaintiff has not engaged in substantial gainful activity since July

24, 2015.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id.* at 21-33. Although the medical evidence established that Plaintiff suffered from a torn right rotator cuff post repair and obesity, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform her past relevant work as a surgical technician and a security guard.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff appears to argue that substantial evidence does not support the ALJ's determination that Plaintiff has not been under a disability, as defined by the Social Security Act.

The undersigned concludes that the hearing decision should be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must

resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the

claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not

supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

That Plaintiff is pro se in her appeal of the ALJ's decision imposes an additional layer of consideration for the Court. As other courts have recognized, a lay plaintiff is unfamiliar with legal terms of art such as "substantial evidence" and lacks expertise in the rules governing Social Security regulations. *See Washington v. Barnhart*, 413 F.Supp.2d 784, 791 (E.D.Tex.2006). Moreover, no statute, regulation, or court decision prescribes a precise analytical model for pro se actions seeking judicial review of adverse administrative decisions by the Commissioner. *See Elam v. Barnhart*, 386 F.Supp.2d 746, 752 (E.D.Tex.2005). More often than not, pro se litigants in Section 405(g) appeals invite the Court to re-weigh the evidence and come to a different conclusion than did the Commissioner, which the Court may not do. *See Washington*, 413 F.Supp.2d at 791. Necessarily, the level of scrutiny rests in each reviewing court's sound discretion. *See Elam*, 386 F.Supp.2d at 753. But several universal principles

factor logically into that equation. Courts must construe pro se pleadings and arguments liberally in light of a party's lay status but must maintain their role as neutral and unbiased arbiters. That is, courts are not bound to "scour the record for every conceivable error," but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized. *See id.*

To strike a fair balance, the undersigned follows courts before it in deciding to engage in more than a superficial review of the Commissioner's decision. *See id.* But, since the Court is not an advocate, it has no duty to plumb the depths of every facet of the administrative process. In the instant case, the undersigned elects to examine the decision to the same extent as the undersigned believes an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. "This approach assumes that the practitioner is experienced in the subject matter, and willing, but not compelled, to represent the plaintiff. It further assumes that the practitioner's first exposure to the case is after the Commissioner's decision has become final." *Id*. In following this approach, the undersigned will engage in three critical inquiries:

1. Does the Commissioner's decision generally reflect the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings?

2. Were the Commissioner's critical fact findings made in compliance with applicable law?

3. Does substantial evidence support those critical findings?

*Washington*, 413 F.Supp.2d at 792.

## Analysis

Even affording Plaintiff the more lenient approach outlined immediately above, because the Commissioner has followed the applicable protocol, regulations, and polices; because her fact finding complies with applicable law; and because those findings are supported by substantial evidence, the hearing decision should be affirmed in all respects.

The ALJ Properly Applied the Law and Facts.

The Court first reviews this pro se appeal to determine whether the Commissioner's decision generally reflects the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings, and whether the Commissioner's critical fact findings were made in compliance with applicable law. *See Thomas v. Colvin*, No. 3:12-cv-4415-P-BN, 2013 WL 6869652, at *4 (N.D. Tex. Dec. 30, 2013).

The record reflects that the ALJ conducted an extensive review of the law and facts applicable to Plaintiff's disability claim during the five-step sequential evaluation process. See Dkt. No. 12 at 21-33. The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020 and has not engaged in substantial gainful activity since July 24, 2015. *See id.* at 33. The ALJ then found that Plaintiff suffered from one or more serious impairments—torn right rotator cuff post repair and obesity—and that Plaintiff's combination of impairments was

severe under the correct standard, *see Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), citing from the medical evidence presented in the record, *see id.* at 23-27. In finding that Plaintiff's impairments are not severe enough to meet the criteria of a listing under Step 3 of the sequential evaluation, the ALJ supported her determination with a discussion of the relevant evidence. *See Audler*, 501 F.3d at 448-49. That is, she explained that the medical opinions and other evidence of record did not establish that Plaintiff's symptoms were sufficiently severe to meet or medically equal one of the impairments listed in the Social Security regulations.  *See id.* at 24. An ALJ's findings "regarding the debilitating effect of the subjective complains are entitled to considerable judicial deference." *Haywood v. Sullivan*, 888 F.2d 1463, 1470 (5th Cir. 1989).

The ALJ found that Plaintiff had residual functional capacity to perform a limited range of light work. *See* Dkt. No. 12 at 28-32. The ALJ limited Plaintiff to occasional pushing and pulling or reaching overhead with the right upper extremity; frequent reaching in all other directions with the right upper extremity; frequent handling and fingering; never climbing ladders, ropes and scaffolds; and avoiding exposure to unprotected heights. *See id.* at 28. The ALJ then found that Plaintiff was capable of performing her past relevant work as a surgical technician and a security guard. *See id.* at 32. Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through November 7, 2017. *See id.*

Based on this review, the Court concludes that the Commissioner's decision generally reflects the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings and that the Commissioner's critical fact findings were made in compliance with applicable law. *See Thomas*, 2013 WL 6869652, at *4.

Substantial Evidence Supports the ALJ's Finding of No Disability.

The Court's final inquiry is whether substantial evidence supports the ALJ's findings.

The ALJ first reviewed all of the records and determined that the medical opinions and other evidence did not support a finding that Plaintiff's impairments meet or equal any impairment in the Social Security regulations and that she has the residual functioning capacity to perform the jobs of surgical technician and security guard. *See* Dkt. No. 12 at 32. Concluding that the ALJ's findings were not supported by substantial evidence would only be appropriate if no credible evidentiary choices or medical findings supported her decision. *See Simeon ex rel. D.M.B. v. Astrue*, No. A-09-CA-756-LY, 2010 WL 2160834, at *4 (W.D. Tex. May 25, 2010) (citing *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988)).

Although Plaintiff complains about the Worker's Compensation system, her former attorney, her trip to the Social Security District Office, her allegation that someone injected her with herpes when she had her torn rotator cuff fixed, and the findings Lawrence Stolar, D.C. provided to the Worker's Compensation department,

*see* Dkt. No. 17 at 4-58, 60-91, she does not relate any of those issues back to the ALJ's decision or explain how these issues impacted her ability to work.

But she does recount her social security hearing testimony, specifically how she explained to the ALJ that her arm pops at times, how when she walks for a long time it feels like it is pulling with a heavy feeling, that she has leg and foot pain, and that she feels pressure in her hips. *See id.* at 58-59. Construing Plaintiff's arguments liberally, the Court presumes that Plaintiff is asserting that the ALJ failed to properly evaluate those impairments.

The ALJ recognized that Plaintiff injured her shoulder on the job and underwent surgery to repair it. *See* Dkt. No. 12 at 23-27, 29-31, 234-449. The ALJ observed that by October 2015 Plaintiff was not taking any pain medication and reported she experienced only "a little" pain. *See id.* at 30, 448-49. An ALJ may rely on the failure to take pain medication as an indication of nondisability. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Additionally, the ALJ noted that Plaintiff's treating physician, Jeff Zhao, D.O., released her to return to work with no restrictions on February 19, 2016. *See id.* at 27, 30, 578. The ALJ also recognized that Plaintiff did not seek further treatment for her shoulder after that date. *See id.* at 31; *Villa*, 895 F.2d at 1024.

The ALJ observed that Plaintiff complained in her hearing testimony of back pain radiating into her leg that limited her ability to stand, sit, and bend over beginning in June 2017. *See* Dkt. No. 12 at 25, 27. The ALJ also recognized that

-10-

Plaintiff did not seek treatment at any time for this alleged impairment. *See id.* The failure to seek treatment for an alleged disability weights against a claimant's credibility on that issue. *See Clayborne v. Astrue*, 260 F. App's 735, 737 (5th Cir. 2008). Accordingly, the ALJ correctly determined that Plaintiff's alleged back impairment was not severe. *See* Dkt. No. 12 at 23.

Based on this review, the Court concludes that the Commissioner's decision is supported by substantial evidence.

### Recommendation

The hearing decision should be affirmed in all respects.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 30, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE